# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URIARTE; MATTHEW BORTZ,<br><br>                         Plaintiffs,<br><br>  v.<br><br>METROPOLITAN TRANSIT SYSTEM, *et al.*,<br><br>                         Defendants. | Case No. 20-cv-01576-BAS-AHG<br><br>**ORDER GRANTING MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***<br><br>**[ECF Nos. 2, 3]** |

On August 14, 2020, Plaintiffs Jose Uriarte and Matthew Bortz, proceeding with counsel, filed a Complaint against Defendants Metropolitan Transit System ("MTS"), Universal Protection Service, GP, Inc., and Security Officers Zavala and Gill, alleging that Defendants used excessive force when detaining Plaintiffs at a trolley stop in August 2018. (*See generally*, Compl. at 5.) Both Plaintiffs also filed motions seeking leave to proceed *in forma pauperis* ("IFP Motions"). (Uriarte IFP Mot., ECF No. 2; Bortz IFP Mot., ECF No. 3.) For the following reasons, the Court **GRANTS** Plaintiffs' IFP Motions.

Under 28 U.S.C. § 1915, a litigant who is unable to pay the filing fee to commence a legal action because of indigency may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to

exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency").

It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339. A plaintiff must be state facts in this affidavit "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiffs' applications, the Court finds that both Plaintiffs satisfy the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff Jose Uriarte states that his sole source of income is a disability payment of $943.00 per month. (Uriarte IFP Mot. ¶ 1.) He is not employed, has no other sources of income or savings, and does not own any assets. (*Id.* ¶ 1.) Uriarte also states that he has mental disabilities and has received food stamps for four months within the past year. (*Id.* ¶ 11.) Considering these circumstances, the Court finds Uriarte has made the requisite showing of indigency for IFP status. *See Adkins*, 335 U.S. at 339–40 ("The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution."); *see also Shade v. Judicial Council of Calif.*, No. C 08-2563 JL, 2008 WL 2344529, at *1 (N.D. Cal. June 5, 2008) (finding plaintiffs indigent where their sole source of income was Social Security benefits and they had no significant assets).

Plaintiff Matthew Bortz also demonstrates indigency. He lists $375.00 in income from both employment and public assistance. (Bortz IFP Mot. ¶ 1.) He is not currently employed, has no savings, and does not own any assets. (*Id.*) His monthly expenses for basic necessities total $503.00. (*Id.* ¶ 8.) Bortz's expenses are clearly greater than his current sources of income, and as such, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

Accordingly, the Court **GRANTS** both Plaintiffs' IFP Motions. (ECF Nos. 2, 3.) However, if it later appears that either Plaintiffs' financial picture has improved for any reason, the Court will direct that Plaintiff to pay the filing fee to the Clerk of the Court. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("*In forma pauperis* status may be acquired and lost during the course of litigation."), *vacated on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). This includes any recovery Plaintiffs may realize from this suit or others, and any assistance Plaintiffs may receive from family or the government.

**IT IS SO ORDERED.**

**DATED: August 18, 2020**

Hon. Cynthia Bashant
United States District Judge